IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DELVA JANICE RODRIGUEZ

Debtor

CASE NO. 22-000290 (ESL)

CHAPTER 11

MEMORANDUM OPINION

This case came before the court on April 26, 2022, for a status conference and to consider the motion to dismiss filed by Banco Popular de Puerto Rico ("BPPR") (dkt. #17).

The instant Chapter 11 Subchapter V petition was filed on February 4, 2022. On March 28, 2022, BPPR filed a motion to dismiss with a bar to refile (dkt. #17). The motion was scheduled for a hearing to be held on April 26, 2022 (dkt. #18). Debtor's request for an extension of time to answer the motion to dismiss filed by BPPR (dkt. #20) was denied without prejudice to presenting the same at the hearing scheduled for April 26, 2022 (dkt. #21). On April 25, 2022, the debtor filed status reports (dkt. #23 and dkt. #24). On April 25, 2022, the debtor filed a response to the motion to dismiss (dkt. #25).

BPPR moves for the dismissal of the case alleging that the petition, the schedules and the statement of affairs show that the case is a two-party dispute filed in bad faith. BPPR factual allegations are as follows: Schedule A-B shows that Debtor is the owner in fee simple of Apartment 302, Cond. Fontainebleau Village, San Juan, PR listed with a market value of $160,000.00. Proof of Claim number 1 filed by BPPR shows that the Bank has a validly perfected security interest in the aggregate amount of $367,339.20, thus, the Subject Property has no equity and is burdensome to the estate.

The voluntary petition filed by Debtor shows that she currently resides at Urb. Las Ramblas, 120 Calle La Diada, Guaynabo, PR 00969, meaning that she does not reside in the property over which BPPR has a lien. Schedule G shows that the Subject Property is currently leased to Gervacio González Jaimes and Schedule I shows monthly rental income in the amount of $1,400.00. The rent produced by the subject property represents a negative income for the

estate if we take into consideration that the current mortgage installment due to BPPR as per claim number 1 is $2022.00 plus approximately $175.00 in HOA fees and real property taxes.

Schedule D shows BPPR with a mortgage lien that encumbers the Subject Property in the aggregate amount of $367,339.20. Schedule E-F shows two additional creditors, to wit, Citibank, N.A. with a credit card debt of $13,176.98 and DSNB/MACY with a credit card debt $1,682.00.

On July 19, 2017, BPPR filed a complaint for collection of money and mortgage foreclosure against Debtor (Civil case No. SJ2017CV00854, Court of First Instance, Superior Court San Juan). On November 3, 2021, judgment was entered in favor of BPPR. 23. The public sale was scheduled for February 9, 2022, and "the above captioned bankruptcy petition was filed on February 4, 2022, with the sole purpose of staying the public sale of the Subject Property."

Debtor's response (dkt. #25) attempts to counter the allegations made by BPPR.

Debtor admits that it has not resided in the property for the last three years but due to circumstances out of her control as the property was severely damaged by Hurricane Maria. Debtor has made repairs to the property, which benefit BPPR. Debtor has actively pursued reaching an agreement with BPPR but has not been successful. Mortgage foreclosure proceedings initiated by BPPR in 2017 have been "stalled" by "Covid-19 Relief Packages."

Debtor further admits that "at this time, [she] does not have the necessary assets or income to pay all her debts" and that her retirement accounts are no liquid assets. She has filed the instant petition to protect her only asset, the real property given as collateral to BPPR. The debtor proposes to pay the value of the property plus interest to BPPR pursuant to section 506 of the Bankruptcy Code, 11 U.S.C. § 506.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and (b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

Dismissal of Chapter 11 Petition

Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), governs the dismissal of a Chapter 11 case. Section 1112(b) is applicable to Chapter 11 Subchapter V cases. 11 U.S.C. § 1181. Pursuant to section 1129(b) the court shall dismiss a chapter 11 petition after notice and a hearing if the movant establishes cause and the case is devoid of unusual circumstances under section 1112(b)(2). The statute does not define cause but provides a non-exhaustive list of circumstances which do constitute cause for dismissal. In re Costa Bonita Beach Resort, Inc., 479 B.R. 14, 38 (Bankr. D. P. R. 2012).

The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the chapter 11 case, whichever is in the best interests of creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed.2013). "Thus, until the movant carries the burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." Id. The court, after finding cause, has broad discretion to determine whether conversion or dismissal is in the best interest of creditors and the estate. See Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968 (B.A.P. 1st Cir.2008); 2008 WL 4531982. However, if the movant proves that there is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4) by the preponderance of the evidence standard, the court must find that movant has established cause. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed.2012).

Once "cause" has been established, the burden shifts to the debtor to identify unusual circumstances that evince that conversion or dismissal is not in the best interest of creditors and the estate. Even, if there are no unusual circumstances, the court may not convert or dismiss a case if the debtor establishes and the court finds that: "(1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the cause' for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is a reasonable justification or excuse for a

-3-

debtor's act or omission and the act or omission will be cured within a reasonable time." In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D.N.M. 2008).

Lack of Good Faith (or Bad Faith) may be grounds for dismissal under section 1112(b). This court in In re Costa Bonita Beach Resort Inc., 479 B.R. 14 (Bankr.D.P.R.2012) held that lack of good faith (or bad faith) in filing a Chapter 11 petition constitutes "cause" to dismiss a Chapter 11 petition pursuant to 11 U.S.C. § 1112(b)(1). This court also rejected the use of the mechanical checklist approach to determine lack of good faith (or bad faith) for all cases. The court held the following in In re Costa Bonita Beach Resort Inc., regarding lack of good faith (or bad faith) as a cause for dismissal of a Chapter 11 petition:

> "Good faith is not a statutory requirement for the filing of a Chapter 11 petition. However, it is a requirement for a Chapter 11 plan to be confirmed. 11 U.S.C. § 1129(a)(3). The unsettled issue is whether lack of good faith (or bad faith) may constitute "cause" to dismiss a Chapter 11 petition under 11 U.S.C. § 1112(b)(1). See Ali M.M. Mojdehi & Janet Dean Gertz, The Implicit "Good Faith" Requirement in Chapter 11 Liquidations: A Rule in Search of a Rationale?, 14 Am. Bankr. Inst. L. Rev. 143 (2006). Any determination of good faith, or lack of good faith (bad faith) is fact intensive and must consider the totality of the circumstances on a case-by-case basis. In Chapter 11 cases the court must carefully consider the distinctions between liquidation and reorganization as both are valid objectives under the Bankruptcy Code."

Good faith is driven by the congressional intent of Chapter 11 relief. "Chapter 11 is designed to offer greater recovery for creditors and equity owners than liquidation in a Chapter 7 case by providing a means by which financially distressed businesses or individuals may restructure their finances by obtaining confirmation of a plan which provides either a continuation of the business, or retention or orderly sale of assets, and exiting bankruptcy relieved of burdensome debts and obligations." Hon. Nancy C. Dreher & Hon. Joan N. Feeney, Bankruptcy Law Manual, § 11.1 (5th ed. 2022).

This court's analysis of bad faith as a cause for dismissal of a bankruptcy petition was cited with approval by the First Circuit Bankruptcy Appellate Panel in La Trinidad Elderly, LP SE, 627 B.R. 779 (1st Cir. BAP 2021).

The facts of this case show that the debtor has only one real property, the debtor does not reside in the property, the property is currently leased to a third party, the debtor has not made any payment to the secured creditor since 2017 and is in pre-petition arrears in the amount of $136,523.77, and the value of the property ($160,000.00) is substantially less than the lien held by BPPR ($367,339.20).

Furthermore, the filing of this petition was on the eve of the public sale. The public sale was scheduled for February 9, 2022, and the petition was filed on February 4, 2022.

On the other hand, the debtor has not shown reasonable likelihood of rehabilitation within a reasonable period of time. The debtor has only shown to be gainfully employed and to want to retain her real property.

In addition, the facts show that this is a two-party dispute. As of this date, only one proof of claim has been filed, the secured claim by BPPR. The scheduled disclose that the debtor has only three creditors. A case showing to be a two-party dispute is subject to dismissal under section 1112(b) for cause. In re MCM Natural Stone, Inc., 2022 WL 1074065, W.D. N.Y. April 8, 2022); In re Stephens, 2022 WL 534011 (N.D. Tx. February 22, 2022);

The combination of these factors do establish that the petition was filed in bad faith, that is, to continue forestalling execution. Also, the facts show that the case is a two-party dispute.

Conclusion

Based on the above, the court finds that there exists cause for the dismissal of the case pursuant to 11 U.S.C. § 1112(b) for filing the petition in bad faith and because it is a two-party dispute. No "unusual circumstances" have been demonstrated. Therefore, the case is hereby dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of April 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

-5-